UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF ) | |
| THE EXTRADITION OF ) | |
| AVI ATIAS TO ISRAEL ) | |
| ) | Nos. 4:12 MJ 17 DDN |
| ) | 4:14 CV 764 CAS |
| ) | |

### MEMORANDUM AND ORDER

Pending before the court is the motion of Avi Atias to stay the order of certification to extradite Avi Atias until the district court's resolution of the pending petition for habeas corpus. (Doc. 109.)

### I. BACKGROUND

On February 2, 2012, the United States of America, on behalf of the State of Israel, filed a complaint against Avi Atias under 18 U.S.C. § 3184, requesting an arrest warrant for Avi Atias in accordance with the Convention on Extradition between the United States and Israel of 1963 and the Protocol between the Government of the United States and the Government of the State of Israel of 2006, amending the Convention.[1] Therein, the United States alleged that the State of Israel charged Avi Atias with violations of Israel Penal Law, including contravention of lawful direction, theft, obtainment by deceit, forgery, use of a forged document, impersonation of a certificate holder, and passport forgery.[2] The United States further alleged that, on February 17, 2011, Judge Muki Landman of the Tel-Aviv-Jaffa Magistrates Court issued an arrest warrant for Avi Atias.[3] Additionally, the United States indicated that the State of Israel requested the extradition of Avi Atias under the Convention on Extradition between the United States and Israel.[4] After consideration of the complaint and the attached evidentiary documents, this court issued an arrest warrant.

---

[1] (Doc. 1.)
[2] (Id. at ¶ 4.)
[3] (Id.)
[4] (Id. at ¶ 3.)

On February 7, 2012, the United States arrested Avi Atias. On September 20, 2012, the court set the conditions for the release of Avi Atias, and, on September 26, 2012, the court released Avi Atias on bond.[5] On April 21, 2014, after several hearings and extensive briefing, the court found sufficient probable cause supporting the request for extradition and certified the extradition request to the Secretary of State.[6]

## II. DISCUSSION

Avi Atias moves for a stay on the certification of extradition pending the resolution of his petition for habeas corpus in district court. "A petition for habeas corpus is the only method of review of an order certifying extradition."[7] When considering motions to stay, courts consider: (1) the likelihood of success on the merits, (2) irreparable harm in the absence of a stay, (3) the injury to the other party as a result of a stay, and (4) the public interest.[8]

Regarding the likelihood of success on the merits, habeas corpus petitions "may challenge the order only on the narrow grounds of whether the extradition court had jurisdiction over the proceedings and the fugitive; whether the offense charged is within the extradition treaty; and whether there was any evidence warranting the finding that there was reasonable ground to believe the accused guilty."[9] Avi Atias' grounds for habeas relief include grounds challenging the jurisdiction of the court to issue the order of certification in addition to challenging the sufficiency of evidence.[10] Although the court has previously rejected the arguments upon which plaintiff's habeas petition relies, the grounds appear to fall within the narrow scope of habeas review.

Regarding irreparable harm, the absence of a stay could result in the extradition of Avi Atias without review of the court's certification order. Moreover, the State of Israel has raised no objection to the motion for a stay, and the court does not perceive that allowing the review of the certification order would result in significant injury to the State of Israel. Additionally, as

---

[5] (Docs. 36-38.)
[6] (Doc. 108.)
[7] Artukovic v. Rison, 784 F.2d 1354, 1355 (9th Cir. 1986).
[8] Id.; Hilton v. Braunskill, 481 U.S. 770, 776 (1987).
[9] Artukovic, 784 F.3d at 1356.
[10] Attias v. Holder, et al, 4:14 CV 764.

denying the stay would "effectively foreclose review of extradition orders,"[11] public interest tips the balance towards sustaining the motion to stay.

Therefore, the court concludes that the balance of the equities favors plaintiff and sustains the motion to stay. Plaintiff also seeks to remain on bond pending the district court's decision on the habeas corpus petition. The State of Israel raises no objection to the bond request, and the court concludes that plaintiff does not represent a flight risk or danger to the community. Accordingly, the court stays the extradition proceedings of Avi Atias and allows him to remain on bond until the resolution of his related petition for habeas corpus in district court.

### III. CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that the motion of Avi Atias to stay the order of certification to extradite Avi Atias until the district court's resolution of the pending petition for habeas corpus (Doc. 109) is sustained.

**IT IS FURTHER ORDERED** that Avi Atias remain on bond until the district court's resolution of the pending petition for habeas corpus.

/S/  David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on May 22, 2014.

---

[11] Jimenez v. U.S. Dist. Court for S. Dist. of Fla., Miami Div., 84 S. Ct. 14, 18 (1963).